UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSA ISELA GRANADOS CASTRO, ) | |
| ) | CASE NO. C13-0581-JLR-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ICE FIELD OFFICE DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

Petitioner Rosa Isela Granados Castro, proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of her immigration detention and seeking either supervised release or a bond hearing. Dkt. No. 5. After her habeas petition was filed, however, petitioner received an individualized bond hearing and was released from immigration custody under bond in the amount of $6000. Dkt. No. 11, Exh. B. Because petitioner has been released from immigration custody, her habeas petition has become moot and should be dismissed.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws or treaties of the United States."

REPORT AND RECOMMENDATION
PAGE -1

28 U.S.C. § 2241(c)(3).  The "in custody" requirement is satisfied at the time the petition is filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings."  *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution."  *Spencer*, 523 U.S. at 7.  "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition is no longer available and there are no collateral consequences that may be redressed.  *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody.").  The habeas petition, therefore, has become moot and should be dismissed.  *See id.*; *see also Flores-Torres v. Clark*, 548 F.3d 708, 710 & n.3 (9th Cir. 2008) (dismissing as moot a challenge to immigration detention without a custody redetermination hearing because the alien had subsequently received a hearing).

For the foregoing reasons, the court recommends that this action be dismissed.  A proposed order accompanies this Report and Recommendation.

DATED this <u>19th</u> day of August, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge